## ELDERKIN v. SHULTZ.

The assignee of a debt,—to obtain certain securities for the same which had been executed by the debtor to the assignor's attorney, and assigned by the attorney to a third person,—filed a bill in chancery against the attorney and his assignee.   *Held*, on demurrer, that the complainant's assignor should have been made a party.

ERROR to the *Floyd* Circuit Court.

SCOTT, J.—*Jesse Wilson* and *Samuel Wilson*, in the year 1819, executed to one *Thomas Hixson* an obligation for the payment of 1,193 dollars and 93 cents, payable 120 days from date. *Thomas Hixson* endorsed and delivered over the said note or obligation to *Nathan Hixson.*   In the year 1821, *Nathan Hixson* delivered the said obligation to *Elderkin* and *Hagen*, attorneys at law, for collection.   In the year 1824, *Elderkin* compounded and compromised with *Jesse Wilson* for the said debt, and took from the said *Jesse* four several promissory notes, for the sum of 366 dollars and 31 cents each, payable in one, two, three, and four years; which notes were made payable to *Elderkin*, and not to *Hixson.*   *Jesse Wilson*, at the same time, executed to *Elderkin* a deed of mortgage for a certain tract of land in *Floyd* county, as a further security for the payment of the said notes. *Elderkin* assigned and delivered over the said notes to *Caleb Newman*, to secure the payment of a sum of money advanced to him by said *Newman*, and retained the mortgage in his own possession.   In the year 1826, *Nathan Hixson*, for a valuable consideration, executed to *Christian Shultz*, the defendant here, an instrument of writing, purporting to be an assignment and transfer, to the said *Shultz*, of all his right, claim, and interest in and to the said debt, describing the nature of the claim and authorising *Shultz* to collect it.   *Shultz* called on *Elderkin*, and made a demand of the notes and mortgage; but *Elderkin* re-

44

fused to deliver them. *Shultz* filed his bill in the *Floyd* Circuit Court, setting out 'the foregoing facts and praying relief. *Elderkin, Hagen,* and *Newman* are made defendants; but the bill was afterwards dismissed as to *Hagen.* The bill charges that *Elderkin* is insolvent, and that *Newman* received the notes with a full knowledge of *Hixson's* right. *Newman* appeared and answered the bill. *Elderkin* demurred on the ground that *Hixson* was not made a party. The Court decreed that the defendants, *Elderkin* and *Newman,* should, within 90 days, deliver the aforesaid notes and mortgage to the complainant or his attorney, and pay costs, &c. *Elderkin* has brought this writ of error to be relieved from the operation of that decree.

It is the constant aim of a Court of equity to prevent litigation, and so to settle the rights of all parties, as to make the performance of their decree perfectly safe to those who are compelled to obey it. Mitf. Pl. 144. On this principle it was decided, in a suit brought by the assignees of a judgment, that they could not succeed, because they had not brought the assignors before the Court. *Cathcart* v. *Lewis,* 1 Ves. jun. 463. Also, in the case of *Knollys* v. *Alcock,* 7 Ves. 563, the Lord Chancellor said, if a question of worth and value is to be agitated, the Court will not decide upon it, without every one being a party whose rights can be affected by the decision. In this case, *Hixson* had, by the complainant's own showing, an interest in the matters charged in the bill. Had the defendants been compelled to perform the decree, they might nevertheless have been afterwards called upon to answer the complaint of *Hixson,* whose rights could not be affected by a decision where he was not a party. See, also, 2 Madd. Ch. 142, 143. The demurrer should have been sustained.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*Howk* and *Nelson,* for the plaintiff.
*Farnham,* for the defendant.